UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BRADLEY, | No. 1:23-cv-00473-HBK (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[1] |
| v. | |
| KISHA M. HALL, | |
| Respondent. | FOURTEEN-DAY OBJECTION PERIOD |
| | (Doc. No. 1) |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Steven Bradley ("Petitioner"), a civil detainee at Coalinga State Hospital, initiated this action by filling a pro se petition for writ of habeas corpus under 28 U.S.C. § on March 28, 2023. (Doc. No. 1, "Petition"). This matter is now before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. For the reasons set forth below, the Court recommends that the Petition be DISMISSED without prejudice for failure to state a cognizable habeas claim and lack of jurisdiction.

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

# I. BACKGROUND

Petitioner asserts "conflict of interest" and "wanton negligence" claims against his court-appointed attorney Kisha M. Hall. (Doc. No. 1 at 1). Petitioner claims Hall has provided false information to the Superior Court on March 20, 2023 during a video-court, refused to provide legal communication regarding Petitioner's case, and "refused to provide any forms of legal protection under the law." (*Id*. at 1-2). Petitioner also requests that the court "remove" Hall from his case. (*Id*. at 2). Attached to the three-page Petition, is a copy of Petitioner's "Marsden Motion" dated January 2, 2023, which he apparently filed in the Superior Court requesting that Attorney Hall be removed. (*Id*. at 5).

# II. APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**A. Failure to Name Proper Respondent – Lack of Jurisdiction**

A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also*

1  *Stanley*, 21 F.3d at 360.  However, the chief officer in charge of penal institutions is also
2  appropriate.  *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  Where a petitioner is on probation or
3  parole, the proper respondent is his probation or parole officer and the official in charge of the
4  parole or probation agency or correctional agency.  *Id*.

5  Here, Petitioner names his court-appointed attorney, Hall, as respondent in this action.
6  (*See generally* Doc. No. 1).  Petitioner's failure to name a proper respondent requires dismissal of
7  his habeas petition for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult*
8  *Auth*., 423 F.2d 1326, 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541
9  F.2d 938, 948 (2nd Cir. 1976).  In addition, as discussed below, the Petition fails to state a
10 cognizable habeas claim.

11 **B.  Failure to State a Cognizable Claim**

12 The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3)
13 provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in
14 violation of the Constitution or laws or treaties of the United States."  The Supreme Court has
15 held that "the essence of habeas corpus is an attack by a person in custody upon the legality of
16 that custody . . ."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If a prisoner's claim "would
17 necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the
18 appropriate avenue for the claim.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005

19 Here, it is clear that relief on Petitioner's claims would not lead to his immediate or earlier
20 release.  *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (if a favorable judgment for
21 the petitioner would not "necessarily lead to his immediate or earlier release from confinement," a
22 habeas claim is not appropriate).  Petitioner does not challenge his conviction or sentence or his
23 current civil commitment.  Rather, the gravamen of the Petition consists entirely of Petitioner
24 asserting "conflict of interest" and "wanton negligence" claims against his attorney and seek
25 removal of his court-appointed counsel.  (Doc. No. 1 at 6-7).  Thus, Petitioner's "claims" are
26 clearly not cognizable via a petition for writ of habeas corpus.

27 Based on the foregoing, the undersigned recommends Petition be dismissed for failure to
28 state a cognizable claim, as it appears that no tenable claim for relief can be pleaded were such

leave granted.

## III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **ORDERED**:

The Clerk of Court is directed shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

Further, it is **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE for failure to state a cognizable claim and lack of jurisdiction.

2. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14)**

**days** after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     May 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE